S. C. BOSLEY v. L. C. PEASE ET AL.

No. 74.

**1. Variance.**

Instrument declared on as executed by *Ankerman* and wife. A paper answering in all other respects as alleged, was admitted in evidence, but signed by *Ankenman* and wife. The execution of the paper by defendants was proved, and there was no doubt as to the identity of the persons who signed. It not appearing that the defendant, a purchaser of the property encumbered by them, had been misled by the allegation, the admission of the evidence was not reversible error. ............. 293

**2. Mechanic's Lien—Express Lien on Homestead.**

Under the Constitution the homestead may be encumbered for improvements thereon. A contract executed in the manner prescribed by law to a lumber company for labor and material to be used upon the homestead, and duly acknowledged, gives an express lien on the homestead to secure the value of the labor and material expended in improving such homestead............................................. ...... 294

**3. Filing Lien on Homestead for Record.**

The filing of such express lien on the homestead for record operates as notice to subsequent purchasers. It is immaterial that such paper may have been recorded in a book kept for the record of deeds....... 295

ERROR to Court of Civil Appeals for Third District, in an appeal from Travis County.

*John R. Peel* and *David H. Hewlett*, for plaintiff in error. — 1. On variance: Ankerman and Ankenman can not be sounded alike, hence are not within the rule of idem sonans.

2. The lien could be fixed only by a compliance with the law establishing it. Rev. Stats., arts. 3164, 3165; Cameron v. Marshall, 65 Texas, 7; Quinn v. Logan, 67 Texas, 600; Lyon & Gribble v. Logan, 68 Texas, 521; Lyon & Gribble v. Ozee, 66 Texas, 95; Throckmorton v. Price, 28 Texas, 609; Trammel & Co. v. Mount, 68 Texas, 211; Mundine v. Berwin, 62 Texas, 341; Reese & Jaudon v. Corlew, 60 Texas, 70.

*West & McGown*, for defendants in error. — 1. There is no material variance between the pleadings and evidence; and if there be, it is cured by the pleading of defendants, the evidence, and the judgment. Nor is

there anything in the record showing that appellant was surprised or misled. Lemberg v. Cabaniss, 75 Texas, 229; Townsend v. Ratcliff, 50 Texas, 150; Russell v. Oliver, 78 Texas, 16.

2. The purpose of article 3165, Revised Statutes, being to give to third parties notice of the existence of a lien, and the appellant not having proven or even averred that he bought the property in ignorance of the lien in this suit sought to be foreclosed, and in addition it being shown that the lien was properly filed in the county clerk's office within the time required by law, a decree foreclosing the lien was proper. Sayles' Civ. Stats., art. 3165, and notes; Bassett v. Brewer, 74 Texas, 554; Quinn v. Logan, 67 Texas, 600; Mundine v. Berwin, 62 Texas, 342; Throckmorton v. Price, 28 Texas, 605; Lyon & Gribble v. Logan, 68 Texas, 531.

STAYTON, CHIEF JUSTICE.—Plaintiff in error objected to the admission in evidence of the contract between his vendors and the Calcasieu Lumber Company, through whom defendant in error claims; and also objected to the obligation sued on, basing his objections on many grounds, but only two of these were urged in motion for rehearing made before the Court of Civil Appeals.

The execution of the instruments was proved, but it was claimed that there was a variance between the instrument sued on and the instrument described in the petition, in that the names of the makers as given in the petition were not the same as appeared in the instrument.

There is no doubt as to the identity of the persons, and there is no reason to believe that plaintiff in error was misled by the averment that the instrument was executed by persons whose names were "Ankerman" even if the real name was "Ankenman." The record leaves it in doubt as to what was the proper spelling of the name.

The record is very defective, and a part of it has evidently been lost since the case was disposed of by the Court of Civil Appeals.

The instrument sued on was copied in the petition, and is as follows:

"Received, Austin, Texas, September 20, 1886, of the Calcasieu Lumber Company, work and material used in constructing improvements in accordance with foregoing contract, being said agreement above set out, to the amount of $600, in consideration of which we or either of us promise to pay the Calcasieu Lumber Company, or order, $600 on or before September 20, 1887, with interest at rate of 12 per cent per annum; to secure the payment of which the said Calcasieu Lumber Company are hereby declared to have a mechanic's lien on our homestead, as described for in the foregoing contract, until paid. Negotiable and payable at the office of the Calcasieu Lumber Company, with 10 per cent attorney fees if collected by law.

"$600.00.       [Signed]       " NICHOLAS ANKERMAN,
                                " MARGARETHE ANKERMAN."

That instrument, as well as the contract referred to in it, were offered in evidence.

In the findings of fact made by the Court of Civil Appeals, the instrument last referred to is set out in full, and it is thus shown that the instrument was one giving an express lien on the property on which improvements were to be made, to secure value of labor and material expended in making them.

It further appears in the findings that this instrument was acknowledged by the makers (husband and wife) as the law requires in the sale of a homestead, and that it was filed for record and recorded in the county in which the property is situated within time prescribed to fix and secure mechanic's or material man's lien.

The statement of facts shows that the material was all furnished after the contract was made, and the inference from the statement is that the lots were not used as homestead until after the improvements were made.

Plaintiff in error subsequently purchased the property from Ankenman and wife.

On the trial it was shown that the contract and obligation sued on were filed with the proper clerk; and that by him they were recorded in a book in which ordinary deeds conveying lands as well as instruments filed to secure mechanics' and material men's liens were recorded, and not in a book kept solely for the purpose of recording papers intended to secure such liens, or liens of different kinds.

It is insisted that the papers referred to should not have been received in evidence against plaintiff in error, because not recorded in a book kept solely for the purpose of recording such papers; and further, that the record made was insufficient to fix and secure the lien.

It was held in the District Court that the contract under which material was furnished, as well as the obligation sued upon, were acknowledged by the husband and wife as instruments conveying a homestead are required to be; that one acknowledgment applied to both instruments, which were on the same paper.

There is nothing in the bill of exceptions showing this ruling to be incorrect, and it must be treated as correct. The court ordered the paper on which these instruments were written and acknowledged to be sent up as a part of the record, and that it was before the Court of Civil Appeals is evident, but it is not now found with the record.

There is no objection now raised as to correctness of the findings of fact by the Court of Civil Appeals, nor as to the sufficiency of the evidence to sustain them; nor was any such question raised in that court.

As decided during the present term in the case of Lignoski v. Crooker, when a contract made in the manner and time prescribed by law gives express lien on property in fact homestead to secure the value of labor or material expended in improving it, then, as between the parties, the lien

exists without record of the contract, and its filing in the proper office for record operates as notice to all subsequent purchasers, although the instrument may have been recorded in a book other than the one in which it should have been recorded.

Plaintiff in error neither pleaded nor proved facts which would have protected him as an innocent purchaser if the instruments giving lien had never been filed for record nor recorded.

The judgment of the Court of Civil Appeals will be affirmed.

*Affirmed.*

Delivered December 12, 1893.